IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUN OWNERS OF AMERICA, INC. )
8001 Forbes Place )
Suite 202 )
Springfield, VA  22151 ) Civil No. 25-3735
 )
and )
 )
GUN OWNERS FOUNDATION )
8001 Forbes Place )
Suite 202 )
Springfield, VA  22151 )
 )
 Plaintiffs, )
 )
 v. )
 )
FEDERAL BUREAU OF )
INVESTIGATION )
935 Pennsylvania Avenue, N.W. )
Washington, D.C.  20535-0001 )
 )
 Defendant. )
_____)

## COMPLAINT

Come now Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant Federal Bureau of Investigation ("FBI").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

**PARTIES**

4.   Plaintiff Gun Owners of America, Inc. ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia.  Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code.  Gun Owners of America seeks to promote social welfare through informing and educating the public on, and conducting activities in defense of, the Second Amendment and the right to keep and bear arms.

5.  Plaintiff Gun Owners Foundation ("GOF") is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

6.  Defendant Federal Bureau of Investigation ("FBI") is a law enforcement bureau within the U.S. Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535-0001.  Defendant has possession, custody, and control of records to which Plaintiffs seek access.

**STATEMENT OF FACTS**

7.  On July 18, 2024, Plaintiffs submitted a FOIA request to the FBI, seeking records related to litigation holds that the Department of Justice places on the National Instant Criminals Background Check System ("NICS").  Specifically, Plaintiffs sought:

   (a)  records of communications with the Department of Justice with respect to any litigation hold(s) requested to be placed for NICS audit log information for the last five years; and

   (b)  records of litigation holds for NICS audit log information you have implemented for records that are required to be destroyed pursuant to 28 CFR § 25.9(b)(1)(iii), including the scope of such holds (for example, how records with respect to particular individuals are "held" or whether the entire NICS audit log for a certain time period is kept as part of a "hold").

A true and correct copy is attached as Exhibit A.

8.  As is relevant here, Plaintiffs' FOIA request noted, as an example, a specific litigation hold that was placed on specific NICS records with respect to specific litigation.

9.  On July 30, 2024, Defendant FBI sent an acknowledgement and assigned the FOIA Request No. 1642013-000.  A true and correct copy is attached as Exhibit B.

10. On July 30, 2025, Defendant FBI sent a letter to Plaintiffs' counsel, stating the FBI's refusal to perform a search for responsive records, on the theory that the FBI's records are "not arranged in a manner that allows for retrieval of information in the form you have requested," and administratively closing Plaintiffs' FOIA request. A true and correct copy is attached as Exhibit C.

11. Having conducted no search at all, Defendant did not even attempt to locate records with respect to the specific event that Plaintiffs identified in their FOIA request.

12. On September 5, 2025, Plaintiffs timely submitted an administrative appeal to Defendant, requesting reconsideration and that Defendant be instructed to conduct a search for responsive records.  A true and correct copy is attached as Exhibit D.

13. The FBI has yet to respond to Plaintiffs' administrative appeal, to provide any responsive records, or otherwise to claim any exemption to Plaintiffs' FOIA request.

14. Since Defendant FBI has failed to respond to the administrative appeal within the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their 2023 and 2024 FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

15. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

16. As of the date of this Complaint, the FBI has failed to: (i) to fully comply with the statutory requirements with respect to Plaintiffs' FOIA request or administrative appeal; and (ii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

<u>**COUNT I**</u>
<u>**(Violation of FOIA, 5 U.S.C. §552)**</u>

17. Plaintiffs reallege the preceding paragraphs as if fully stated herein.

18. Defendant FBI is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. §552.

19. Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiffs' FOIA request, and Plaintiffs will continue to be irreparably harmed unless and until Defendant FBI is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Order Defendant to conduct a search for records responsive to Plaintiffs' FOIA request and demonstrate that it has employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

(4) Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: October 21, 2025.

Respectfully Submitted,

*/s/ Robert J. Olson*
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
rob@wjopc.com