Exhibit A

# WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW

WILLIAM J. OLSON
(VA, D.C.)

ROBERT J. OLSON
(VA, D.C.)

JEREMIAH L. MORGAN
(D.C., CA ONLY)
————————
HERBERT W. TITUS
(1937-2021)

370 MAPLE AVENUE WEST, SUITE 4

VIENNA, VIRGINIA 22180-5615

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

July 18, 2024
via FBI eFOIPA portal

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

>   Re:    FREEDOM OF INFORMATION ACT (FOIA) REQUEST
>           of Gun Owners of America and Gun Owners Foundation regarding
>           NICS Litigation Holds on NICS Audit Log Information

Dear Sirs:

We represent Gun Owners of America ("GOA") and Gun Owners Foundation ("GOF"), and submit this Freedom of Information Act ("FOIA") request on their behalf to the Federal Bureau of Investigation ("FBI").

GOA is a nonprofit social welfare organization exempt from federal income tax under section 501(c)(4) of the Internal Revenue Code.  GOA's tax-exempt mission and purposes include educating the public and conducting activities in defense of the Second Amendment and the right to keep and bear arms.  GOF is a Virginia non-stock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the U.S. Internal Revenue Code.  GOF is supported by gun owners across the country, and through contributions made through the Combined Federal Campaign.  GOA and GOF's principal office is located at 8001 Forbes Place, Suite 202, Springfield, Virginia 22151.  (For further information on GOA, please see https://gunowners.org. For further information on GOA, please see https://gunowners.com.)

**Record Request**

When a person purchases a firearm and a background check is performed by a Federal Firearm Licensee (FFL), the FBI is required to destroy "all identifying information submitted by or on behalf of the transferee ... within 24 hours after the FFL receives communication that the transfer may proceed." *See* 28 CFR § 25.9(b)(1)(iii).  Recently, in *McRorey, et al. v. Merrick B. Garland, et al*, Case No. 7:23-cv-00047-O, Northern District of Texas, Wichita Falls Division, the defendants filed a declaration of David Alan Fazzini, who identified himself as a custodian of

2

records for the FBI, Criminal Justice Information Services Division's National Instant Criminal Background Check System.  *See* ECF #14-1.  In that declaration, Mr. Fazzini explained that he "conducted a review of the NICS audit log" on May 22, 2023 for a transaction that was provided a "proceed" response on May 17, 2023.  *Id.* at 3.  Given that this transaction was provided a "proceed" response on May 17, 2023, Mr. Fazzini was able to discern information four days later that was required to be destroyed by May 18, 2023.  Although this would appear to violate § 25.9(b)(1)(iii)'s destruction requirement, it was explained later in litigation that the "FBI placed a litigation hold on records pertaining to [Plaintiffs] ... after becoming aware of [the] litigation." *See* ECF #21-1, at 2.

With that background, our clients request the following records:

(a)     records of communications with the Department of Justice with respect to any litigation hold(s) requested to be placed for NICS audit log information for the last five years; and

(b)     records of litigation holds for NICS audit log information you have implemented for records that are required to be destroyed pursuant to 28 CFR § 25.9(b)(1)(iii), including the scope of such holds (for example, how records with respect to particular individuals are "held" or whether the entire NICS audit log for a certain time period is kept as part of a "hold").

Please email the documents to wjo@mindspring.com, or mail the documents to the following address:

Robert J. Olson, Esquire
William J. Olson, P.C.
370 Maple Ave W., Suite 4
Vienna, VA 22180-5615

**Fee Waiver Request**

We request that the search, review, and copying fees be waived as provided under section 5 U.S.C. § 552(a)(4)(A) and 28 CFR § 16.10(k).  GOA and GOF are nonprofit organizations seeking the requested documents to educate the public on a matter of great public importance, by releasing information that — in addition to contributing to public understanding on the workings of government — may have great effect on substantive policy discussions relating to the exercise of citizens' rights under the Second Amendment.  GOA and GOF routinely publish the results of findings from documents they receive through FOIA requests, free-of-charge on their websites, in releases to members and supporters, and through dissemination of information to the news media.

The fees should be waived because release of the requested documents is in the public interest, and the requested information is likely to contribute significantly to public

3

understanding of the operations or activities of the government.  Additionally, the records sought by GOA and GOF are likely to contribute significantly to public understanding of the operations or activities of the government.

The release of the requested documents is not primarily for any commercial interest or purpose, including any commercial interest of GOA or GOF.  GOA and GOF intend to disseminate to the general public, free of charge, any important information it obtains as a result of this request.

If our clients' waiver request is denied, we would appreciate an estimate of the costs involved in procuring any of the requested documents if such costs exceed $250.  If the costs do not exceed $250, however, we do not need an estimate, and we will guarantee payment.

We request that the 20-day response time imposed by 5 U.S.C. § 552(a)(6)(A)(i) and 28 CFR § 16.6(b) be adhered to strictly.  We look forward to hearing from you within 20 business days.

Thank you for your prompt attention to this request.

Sincerely yours,

Robert J. Olson

RJO:ls

cc:    Gun Owners of America
       Gun Owners Foundation

# Exhibit B

U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 30, 2024

ROBERT J. OLSON ESQUIRE
WILLIAM J. OLSON, P.C.
SUITE 4
370 MAPLE AVENUE WEST
VIENNA, VA 22180-5615

FOIPA Request No.: 1642013-000
Subject: NICS Litigation Holds on NICS
Audit Log Information

Dear Robert Olson:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

     ☐ Future correspondence about your FOIPA request will be provided in an email link unless the record file type is not supported by the eFOIPA system.

     ☑ Correspondence for requests regarding living individuals, or containing audio, video, and high resolution photographs cannot be sent through the eFOIPA system. Future correspondence about your FOIPA request will be delivered through standard mail.

☐ The subject of your request is currently being processed and documents subject to the FOIPA will be released to you upon completion.

☐ Release of responsive records subject to the FOIPA will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

     ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

     ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

     ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.vault.fbi.gov by clicking on "Check Status of your FOI/PA Request."    Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed, the notice will indicate that appropriate correspondence has been mailed to the address on file.

Additional information about the FOIPA can be found at www.fbi.gov/foia.   Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov.   Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

# Exhibit C



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 30, 2025

ROBERT J. OLSON ESQUIRE
SUITE 4
WILLIAM J. OLSON, P.C.
370 MAPLE AVENUE WEST
VIENNA, VA 22180-5615

Request No.: 1642013-000
Subject: NICS Litigation Holds on NICS
Audit Log Information

Dear Robert Olson:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information about your request.

Your request for the above referenced subject is not searchable in our indices. The FBI Central Records System (CRS) is indexed according to investigatory interests, and it is not arranged in a manner that allows for the retrieval of information in the form you have requested. The FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data. Rather the FOIA requires agencies to provide access to reasonably described, nonexempt records. Therefore, your request is being administratively closed.

For questions on how to reasonably describe your request, please email us at foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request. Additional information about the FOIPA can be found at www.fbi.gov/foia.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Record/Information Dissemination Section
Information Management Division

# Exhibit D

WILLIAM J. OLSON
(VA, D.C.)

ROBERT J. OLSON
(VA, D.C.)

JEREMIAH L. MORGAN
(D.C., CA ONLY)
_____

HERBERT W. TITUS
(1937-2021)

WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW
370 MAPLE AVENUE WEST, SUITE 4
VIENNA, VIRGINIA 22180-5615

TELEPHONE (703) 356-5070
FAX (703) 356-5085
E-MAIL: wjo@mindspring.com
http://www.lawandfreedom.com

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

September 5, 2025
<u>via FOIA STAR</u>

FREEDOM OF INFORMATION ACT APPEAL
Director, Office of Information Policy
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, DC 20530

      Re:    FREEDOM OF INFORMATION ACT (FOIA) APPEAL
           FBI Tracking Number 1642013-000

Dear Director:

We are in receipt of the Federal Bureau of Investigation's ("FBI") July 30, 2025 denial of our client's July 18, 2024 FOIA request, which we submitted on behalf of Gun Owners of America ("GOA") and Gun Owners Foundation ("GOF") seeking, *inter alia*, records about so-called "litigation hold(s)" that have been placed on records within the National Instant Criminal Background Check System ("NICS").  *See* Exhibit 1, July 18, 2024 FOIA.

After waiting more than a year, the FBI responded to our clients' FOIA, stating that "the above referenced subject is <u>not searchable</u> in our indices.  The FBI Central Record System (CRS) is indexed according to investigatory interests, and it is not arranged in a manner that allows for the retrieval of information in the form you have requested."  *See* Exhibit 2, Response from FBI (emphasis added).  Essentially, the FBI claims that it cannot process our FOIA because it cannot search its own records for information about litigation holds that have been utilized within NICS.

This response is nonsensical.  In our FOIA, we pointed as an example to a *specific instance* where a "NICS litigation hold" was employed by the FBI.  *See* Exhibit 1 at 1-2 (listing *McRorey, et al. v. Merrick B. Garland, et al*, Case No. 7:23-cv-00047-O, Northern District of Texas, Wichita Falls Division, ECF #14-1).  In fact, we pointed the FBI to a declaration from David Alan Fazzini, who identified himself as a "custodian of records" for the FBI in that matter, and who explained that the "FBI placed a litigation hold on records pertaining to [Plaintiffs]…."  *Id*. at 2.  Mr. Fazzini further explained that, pursuant to this litigation hold, he had monitored and retrieved records from the NICS system.

Yet even though we pointed to a *specific* event and a *specific* person, seeking related records, the FBI has claimed that it cannot even begin to search.  On the contrary, it does not appear that FBI has taken our FOIA request seriously, apparently having not even bothered to speak to Mr. Fazzini, who would obviously know about the specific event discussed in our request.

Speaking with relevant employees is not some new FOIA strategy.  Rather, in a previous FOIA case of ours, Joseph E. Bender, Acting Section Chief of the FBI's Record/Information Dissemination Section (RIDS) explained that, "when a request is not searchable in CRS, the FBI conducts targeted searches of the offices within the FBI that are reasonably likely to maintain responsive records."  *Gun Owners of Am., Inc. v. United States DOJ*, 2023 U.S. Dist. LEXIS 159650, at *11-12 (D.D.C. Sep. 8, 2023).  Specifically, we know that the FBI has interviewed employees (even former employees) to find the possible locations of records they may have dealt with.  *See GOA v. FBI*, 20-cv-206 (D.D.C. 2021).

However, here, no searches appear to have been conducted, leading to the conclusion that the FBI did not perform an adequate search in response to our clients' FOIA.  At a minimum, the FBI could contact Mr. Fazzini and inquire about the *McRorey* litigation hold.  It seems obvious that the FBI should be able to find records *at least* with respect to *that* event.

During litigation, an agency may meet its burden to prove adequacy of the search by providing "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials … were searched." *Duenas Iturralde v. Comptroller of the Currency*, 354 U.S. App. D.C. 230 (2003).  *See also Inter-Cooperative Exch. v. United States DOC*, 36 F.4th 905, 910 (9th Cir. 2022) ("The adequacy of the search is a core aspect of the government's duty under FOIA. We measure this adequacy 'by a standard of reasonableness, construing the facts in the light most favorable to the requestor.'"); *Hodge v. FBI*, 403 U.S. App. D.C. 255, 259 (2013) ("the adequacy of a search is 'determined not by the fruits of the search, but by the appropriateness of [its] methods.'").  Here, the FBI provided no such information, instead simply stating that the "above referenced subject is not searchable in our indices."  *See* Exhibit 2 at 1.

It appears that the FBI did not even begin to undertake the most basic attempts to uncover responsive records in this case.  As such, the FBI's search was clearly inadequate.  We therefore request that you reverse the FBI's decision and remand this matter to the FBI to conduct an adequate search for responsive documents.

Thank you for your prompt attention to this appeal.

Sincerely yours,

Robert J. Olson